# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### CHARLOTTE DIVISION
### CRIMINAL DOCKET NO.: 3:95CR178

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | |
| | ) | **ORDER** |
| DUANE JELEAL OSBOURNE (12), | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on Defendant's "Motion Before the Court to Only Readdress the Merits on the Defendant's Previously Denied Motion Under USSG Amendment 591; Pursuant to 18 U.S.C. § 3582(c)(2) Amended United States Sentencing Guidelines," filed December 27, 2005.

On May 20, 2002, Defendant filed a Motion to Modify Sentence, which the Court denied in an Order dated December 24, 2002. Then, on September 19, 2005 and October 27, 2005, Defendant filed a Motion to Modify Sentence Pursuant to 18 U.S.C. § 3582 and an Amended Motion to Modify Sentence Pursuant to 18 U.S.C. § 3582, respectively. In these Motions, Defendant made the same allegations as contained in his May 20, 2002 Motion. Consequently, in an Order dated December 14, 2005, the Court stated, "[f]or the reasons stated by the Court in its Order dated December 24, 2002, Defendant's sentence comports with Amendment 591 and he is not entitled to modification of his sentence." [Dec. 14, 2005 Order, Doc. # 427]. Defendant now asks the Court to readdress the merits of his Motion to Modify Sentence.

The Court concludes that its December 24, 2002 Order is clear and plainly explains why Defendant is not entitled to modification of his sentence. Therefore, further explanation in

1

response to Defendant's Motion to Modify Sentence is unnecessary.

**IT IS, THEREFORE, ORDERED** that Defendant's "Motion Before the Court to Only Readdress the Merits on the Defendant's Previously Denied Motion under USSG Amendment 591; Pursuant to 18 U.S.C. § 3582(c)(2) Amended United States Sentencing Guidelines" is hereby **DENIED**.

Signed: August 3, 2006

Richard L. Voorhees
United States District Judge